RECEIVED
USDC, WESTERN DISTRICT OF
TONY R. MOORE, CLERK
6/15/15 yT

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
ALEXANDRIA DIVISION

| | |
|---|---|
| DERRICK DAVIS (DOC. #126965) | DOCKET NO. 14-cv-2826; Sec. P |
| VERSUS | JUDGE DRELL |
| WINN CORRECTIONAL CENTER | MAGISTRATE JUDGE KIRK |

## REPORT AND RECOMMENDATION

On September 29, 2014, *pro se* petitioner Derrick Davis filed the instant petition for writ of *habeas corpus* pursuant to 28 U.S.C. §2254. [Doc. #1] The case was initially filed in the Shreveport Division of this Court, but was transferred to the Alexandria Division on March 13, 2015. [Doc. #4] Petitioner was granted leave to proceed *in forma pauperis* on April 17, 2015. [Doc. #10] Petitioner is an inmate in the custody of Louisiana's Department of Corrections; he is incarcerated at the Winn Correctional Center in Winnfield, Louisiana. Petitioner challenges the legality of his custody by the DOC.

This matter has been referred to the undersigned for review, report, and recommendation in accordance with the provisions of 28 U.S.C. §636 and the standing orders of the Court.

### *Procedural History*

On June 8, 2005, petitioner was charged via Bill of Information with two counts of sexual battery. He was found guilty as charged on March 15, 2006. [Docket No. 08-1627, WDLA, Doc. #1, ¶3(b); Doc. #1-4, pp. 40 and 42] On May 12, 2006 he was sentenced to two consecutive 10 year sentences. On December 29, 2006 the

Third Circuit Court of Appeals affirmed petitioner's convictions and sentences. State of Louisiana v. Derick Dewayne Davis, 2006-922 (La. App. 3 Cir. 12/29/2006), 947 So.2d 201, writ denied, 967 So.2d 535 (La. 2007).

Petitioner filed a *pro se* application for post-conviction relief in the Ninth Judicial District Court, which was denied on March 23, 2007. [Docket No. 08-1627, WDLA, Doc. #1-4, pp. 55-58] On March 30, 2007 petitioner filed a writ application in the Third Circuit Court of Appeal, which was denied.

Petitioner filed a petition for writ of habeas corpus in this Court on October 29, 2008, which was denied. [Docket No. 08-cv-1627]. The Fifth Circuit denied Petitioner's motion for certificate of appealability. [Docket No. 08-cv-1627, Doc.#22] Petitioner filed another petition for writ of habeas corpus in this Court on March 30, 2012. The petition was denied and dismissed [Docket No. 08-cv-1627], and the Fifth Circuit again denied Petitioner's motion for certificate of appealability. [Docket No. 08-cv-1627, Doc. #16]

In this case, Petitioner specifically requests that the Court verify the authority of his custody in the DOC. He claims that his writ of habeas corpus is brought pursuant to Louisiana Code of Criminal Procedure Article 362. He states that he would "settle for a commute in sentence but if not would like to be rewarded 5 million dollars from each party that participated in his kidnaping at gun point while being transferred to different detention centers

throughout the State...." [Doc. #1, p.3]

*Law and Analysis*

Plaintiff seeks a speedier release from custody, questioning the DOC's authority to imprison him. He claims that his custody is unlawful under Louisiana Code of Criminal Procedure article 729.1. He sought relief in the Louisiana courts, also seeking to "verify the authority" of the DOC's custody. Petitioner claimed in the state courts that he was not "indicted" and, thus, was not legally committed to the Department. However, Petitioner had been charged by Bill of Information and, as the 19th Judicial District Court Commissioner noted in addressing Petitioner's claim, an "indictment" includes a bill of information. [Doc. #1, p.37] See La. C.Cr.P. art. 461; see Davis v. LeBlanc, 2013-0654 (La. App. 1 Cir. 12/27/13) (La. Ct. App. Dec. 27, 2013) writ denied sub nom. State ex rel. Davis v. State, 2014-0047 (La. 9/19/14), 148 So. 3d 946. In the state courts, Petitioner also argued that the failure of the Rapids Parish Sheriff to deliver Plaintiff to the Department of Corrections without a copy of an indictment rendered his continued custody unlawful under Code of Criminal Procedure article 892. However, according to article 892(D), any such failure by the Sheriff does not affect the validity of the sentence. [Doc. #1, p.38] See Davis v. LeBlanc, 2013-0654 (La. App. 1 Cir. 12/27/13) (La. Ct. App. Dec. 27, 2013) writ denied sub nom. State ex rel. Davis v. State, 2014-0047 (La. 9/19/14), 148 So. 3d 946.

In his 2254 petition in this court, Petitioner presents the same claim - that his custody is in violation of Louisiana law. However, federal habeas courts will not review a state court's interpretation of its own law in a federal habeas proceeding. See Dickerson v. Guste, 932 F.2d 1142, 1145 (5th Cir.1991); Malchi v. Thaler, 211 F.3d 953, 957 (5th Cir. 2000) (observing that federal habeas relief is reserved for the deprivation of rights that are secured by the United States Constitutions or the laws of the United States). The petition should be dismissed because Petitioner has only alleged state law violations. Moreover, as discussed above and based on the rulings of the Louisiana courts, it is clear that his custody is *not* in violation of Louisiana law.

Plaintiff seeks monetary damages as an alternative to his release from custody. Such relief is not available by way of a petition for writ of habeas corpus. See Wilkinson v. Dotson, 544 U.S. 74, 91, 125 S.Ct. 1242, 1253, 161 L.Ed.2d 253 (2005), citing Muhammad v. Close, 540 U.S. 749, 124 S.Ct. 1303, 158 L.Ed.2d 32 (2004). To the extent that petitioner seeks such relief, he fails to state a claim for which relief may be granted.

Finally, to the extent that Petitioner seeks to challenge his conviction or sentence, the claim is second or successive. Petitioner previously filed a second or successive petition for writ of habeas corpus, which was transferred to the Fifth Circuit Court of Appeal to determine if Petitioner is authorized to file

such a petition.  That case remains pending. [Docket #15-30492, 5th Cir.]

*Conclusion*

For the foregoing reasons, **IT IS RECOMMENDED** that the petition for writ of habeas corpus be **DENIED AND DISMISSED WITH PREJUDICE**.

*Objections*

Under the provisions of 28 U.S.C. §636(b)(1)(c) and Fed.R.Civ.P. 72(b), the parties **have fourteen (14) calendar days from** service of this Report and Recommendation **to file specific, written objections with the clerk of court. A party may respond to another party's objections within fourteen (14) days after being served with a copy thereof.  No other briefs or responses (such as supplemental objections, reply briefs etc.) may be filed. Providing a courtesy copy of the objection to the magistrate judge is neither required nor encouraged. Timely objections will be considered by the district judge before he makes his final ruling.**

FAILURE TO FILE WRITTEN OBJECTIONS TO THE PROPOSED FINDINGS, CONCLUSIONS, AND RECOMMENDATIONS CONTAINED IN THIS REPORT WITHIN FOURTEEN (14) CALENDAR DAYS FROM THE DATE OF ITS SERVICE SHALL BAR AN AGGRIEVED PARTY, EXCEPT UPON GROUNDS OF PLAIN ERROR, FROM ATTACKING ON APPEAL THE FACTUAL FINDINGS AND LEGAL CONCLUSIONS ACCEPTED BY THE DISTRICT JUDGE TO WHICH THE PARTY DID NOT OBJECT.

*Certificate of Appealability*

Pursuant to Rule 11(a) of the Rules Governing Section 2254 Cases in the United States District Courts, this court must issue or deny a certificate of appealability when it enters a final order adverse to the applicant. Unless a Circuit Justice or District Judge issues a certificate of appealability, an appeal may not be taken to the court of appeals. Within fourteen (14) days from service of this Report and Recommendation, the parties may file a memorandum setting forth arguments on whether a certificate of appealability should issue. See 28 U.S.C. §2253(c)(2). A courtesy copy of the memorandum shall be provided to the District Judge at the time of filing.

**THUS DONE AND SIGNED** at Alexandria, Louisiana, this 15th day of June, 2015.

JAMES D. KIRK
UNITED STATES MAGISTRATE JUDGE